JOHN HAYWOOD, Judge.
The facts were that Stanly obtained judgment against Blount for £ 444. A fieri facias issued thereupon, and the sheriff returned levied upon negroes, naming them, one of whom was the negro in question. Blount then obtained an injunction, upon the terms of paying £ 296 into the office of clerk and master; then the injunction was dissolved, and a renditioni exponas issued for the balance. The sheriff, without making any new seizure, and without taking into his possession the negroes named in the return, upon the fieri facias, advertised them for sale, and on the day of sale Blount tendered all the money mentioned in the venditioniexponas; which the sheriff would not receive, claiming commissions on the £ 296, paid into the office, on the ground that he had been at the trouble of levying upon the negroes for that sum also.
The sheriff sold the negroes on the day mentioned in the advertisement, but they were not present, nor in his actual possession at the time, but in the possession of Blount.
Mitchell purchased the negro named in the declaration, and afterwards, in company with three other defendants, went armed in the nighttime to Blount's plantation, and carried away the negro; Blount never regained the possession of him since. (86)
By the Court. Going upon the plantation of the plaintiff with force and taking away the negro by violence is a trespass, and will subject the defendant to such damages as a jury may think proper to assess, even if the property vested in Mitchell by the sale; no man can be allowed to assert his right by violence. If the property did not vest in Mitchell by the sale, the jury should assess damages to the value of the slave. It is immaterial what passed between the sheriff and Blount; for, if the sheriff refused the money when he ought to have received it, and sold notwithstanding, the vendee's title may be good. He is to look no further than that he is an officer who sells, and that he is empowered to do so by an execution. But then, the sheriff should have taken the property into his actual possession, and had it present at the time of the sale. (I) Because personal property passes by delivery; (II) Because *Page 88 
he cannot sell a chose in action; (III) For the benefit of the defendant, and to prevent fraud, lest by keeping the property out of view he might cause it to sell for less than the value, as the purchaser would not be likely to give the full value for an article he had not an opportunity of seeing.
As the defendant's counsel is unprepared, having not expected the objection, I would recommend a verdict assessing the damages, upon the supposition that the property did not pass to the vendee, and also upon the supposition that it did, leaving it to the Court to determine on which judgment shall be entered.
This proposition being agreed to by Taylor and F. X. Martin, for the plaintiff, and Davie and Badger, for the defendant, the jury found a verdict for £ 120 in the first case, and £ 20 in the second.
On the argument day, the Court said that things sold by the sheriff ought to be actually seized and shown to the bidders at the time of the sale, and to be delivered to the purchaser; that this point had been so decided in a late case in Wilmington District, Bunting v. Smith;
(87) which was a case similar to this in all points except this additional circumstance, that a third person who claimed the negro had obtained possession of him and held him at the time of the sale by the sheriff.
Judgment for £ 120.
NOTE. — Upon the second point, see Brodie v. Seagraves, post, 96;Jones v. Fulgham, 6 N.C. 364; Mordecai v. Speight, 14 N.C. 428.
On the last point, see Ainsworth v. Greenlee, 7 N.C. 470.
Cited: Smith v. Tritt, 18 N.C. 243; Woodley v. Gilliam, 67 N.C. 239;Alston v. Morphew, 113 N.C. 461; Barbee v. Scoggins, 121 N.C. 143;Nance v. King, 178 N.C. 576.
(88)